**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
twwalsh@mwe.com
dazman@mwe.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 15
                                              :
O.W. BUNKER GERMANY GMBH,[1]                  :    Case No. 15-_____ (____)
                                              :
    Debtor in a Foreign Proceeding.           :
                                              :
---------------------------------------------------------------x

## VERIFIED PETITION FOR RECOGNITION OF
## GERMAN ADMINISTRATION PROCEEDING AND RELATED RELIEF

Dr. Gideon Böhm, a lawyer of the law firm Münzel & Böhm in Hamburg, Germany, and the duly appointed administrator and foreign representative (the "Administrator") of O.W. Bunker Germany GmbH (the "Debtor"), which is currently in administration proceedings (the "German Proceeding") under the Germany Insolvency Code, subject to the supervision of the Amtsgericht – Insolvenzgericht Hamburg (Local Court – Insolvency Court Hamburg) (the "German Court"), through his undersigned attorneys, respectfully submits this *Verified Petition for Recognition of German Administration Proceeding and Related Relief* (the "Petition") seeking, pursuant to sections 105(a) and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), entry of an order, attached hereto as Exhibit A (the "Proposed Order"),

---
[1] The last four digits of the Debtor's tax identification number are 0130.

recognizing the German Proceeding as a "foreign main proceeding" under Bankruptcy Code section 1517 and granting such other relief as is appropriate, and respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Code section 1501, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(2) because there are pending proceedings against the Debtor in this District. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 1504, 1507, 1515, 1517, 1520 and 1521.

## BACKGROUND

2.  The Debtor commenced this chapter 15 case to seek assistance from this Court with respect to certain actions pending in the United States District Court for the Southern District of New York in which the Debtor is a party. At this time, the Debtor does not intend to invoke the automatic stay with respect to the Interpleader Actions and the Arrest Actions (each as defined and discussed in detail below).

3.  The Interpleader Actions and the Arrest Actions involve issues related to, *inter alia*, maritime law. The Debtor intends for the SDNY District Court (as defined below) to adjudicate issues related solely to maritime law in the Interpleader Actions and the Arrest Actions, but thereafter for this Court to determine all remaining issues, including the priority of claims to the interpleader funds on deposit with the SDNY District Court.

4.  This chapter 15 case is not intended to disrupt the discovery schedule set forth by the SDNY District Court, and the Debtor intends to comply with its discovery obligations, notwithstanding the commencement of this chapter 15 case.

5.  Additionally, the Debtor may in the future need to seek recognition by this Court of orders entered by the German Court.

**I.      The Debtor's Business**

6.  The Debtor is one of many worldwide subsidiaries and affiliates of O.W. Bunker A/S ("OWB"), a foreign corporation (*aktieselskab*) organized and existing under Danish law. Founded in 1980, OWB and its subsidiaries and affiliates (collectively, "OW Bunker") constituted one of the largest bunker fuel[2] suppliers, with operations in approximately 29 countries.[3] In 2013, OW Bunker held a global market share of fuel bunker supply of approximately 7%.[4]

7.  The various OW Bunker entities generally acted in one of three capacities.

8.  First, when acting as a physical distributer, OW Bunker covered most of the bunker fuel value chain, from transportation of bunker fuel and fuel components from refineries, storage and blending, through to marketing and sale, followed by physical delivery by barges to ships in port or at sea.[5]

9.  Second, when operating as a reseller, OW Bunker managed the bunker fuel purchasing process on behalf of the customer, choosing the most competitive offer from a

---

[2] Bunker fuel is a residual product of the crude oil refining process, and it is burned in seagoing vessels to navigate around the world. Adam Sarvana, *What Is Bunker Fuel?*, DC Bureau (Sept. 1, 2009), http://www.dcbureau.org/20090901731/natural-resources-news-service/what-is-bunker-fuel.html.

[3] OW Bunker, *Annual Report 2013*, 4 (2014), http://owbunker.com/wp-content/uploads/2014/03/OWB_AR13_FINAL_WEB.pdf.

[4] *Id.* at 4.

[5] *Id.* at 4.

physical distributor, and taking responsibility for delivery and bunker fuel quality.[6] The Debtor operated principally in this capacity.

10.     Third, OW Bunker provided risk management services and trade credit, which helped to lock in customers' costs and protect against market fluctuations through the use of various hedging instruments.[7]

## II.     The IPO and Subsequent Collapse of OW Bunker

11.     OWB went public with an initial public offering (the "IPO") in March 2014 on the NASDAQ OMX Copenhagen exchange.[8]

12.     The IPO was considered a great success, with OWB's share price skyrocketing approximately 20% on the first day of trading, and the value of the company reaching nearly one billion US dollars.[9] On May 28, 2014, the OWB CEO proudly welcomed "the more than 20,000 new shareholders."[10]

13.     On October 7, 2014, OWB released a profit warning, primarily due to an "unrealized accounting loss before tax of approx. USD 22 million in Q3 2014," triggered by the

---

[6] *Id.* at 4.

[7] *Id.* at 4.

[8] Christian Weinberg, *OW Jumps After Selling Second Biggest Danish IPO Since 2010*, Bloomberg Business (Mar. 28, 2014, 4:47 AM), http://www.bloomberg.com/news/articles/2014-03-28/ow-bunker-s-980-million-ipo-denmark-s-second-biggest-since-2010.

[9] *Id.*

[10] *OW Bunker Prices its Initial Public Offering at DKK 145 per Offer Share*, NASDAQ Globe Newswire (Mar. 28, 2014, 2:17 AM), http://globenewswire.com/news-release/2014/03/28/622169/0/en/OW-Bunker-prices-its-Initial-Public-Offering-at-DKK-145-per-offer-share.html.

slide in oil prices.[11] Two weeks later, OWB further restated the loss at USD 24.5 million and, in an investor presentation, provided further details about the causes of this loss.[12]

14. On November 5, 2014, OWB's shares were suspended from trading on NASDAQ OMX, and that same day OWB's management declared a loss of approximately USD 275 million.[13]

15. There were two separate incidents that precipitated the events on November 5, 2014. First, OW Bunker uncovered a fraud perpetrated by senior employees in a Singapore-based subsidiary, Dynamic Oil Trading, which resulted in a USD 125 million loss.[14] The second incident was related to a "risk management loss" in addition to the USD 24.5 million loss previously released by OWB to the public on October 7, 2014.[15] The total loss, estimated at USD 150 million, was attributable to certain hedging transactions.[16]

16. On November 7, 2015, OWB commenced insolvency proceedings in Denmark,[17] and additional insolvency proceedings were commenced around the world by OWB's subsidiaries and affiliates, including the German Proceeding commenced by the Debtor.

---

[11] *OW Bunker Adjusts Full-Year 2014 Financial Guidance and Changes Financial Calendar*, NASDAQ Globe Newswire (Oct. 7, 2014, 8:55 AM), http://globenewswire.com/news-release/2014/10/07/671235/0/en/OW-Bunker-adjusts-full-year-2014-financial-guidance-and-changes-financial-calendar.html.

[12] *OW Bunker Q3 2014 Interim Financial Report: Earnings Hit by Unrealised Risk Management Loss, FY Volume Outlook Lowered to Focus on Higher Margin Business*, NASDAQ Globe Newswire (Oct. 23, 2014, 1:45 AM), http://globenewswire.com/news-release/2014/10/23/675647/0/en/OW-Bunker-Q3-2014-Interim-Financial-report-Earnings-hit-by-unrealised-risk-management-loss-FY-volume-outlook-lowered-to-focus-on-higher-margin-business.html.

[13] *OW Bunker Announces Fraud in Singapore Subsidiary and Additional, Significant Risk Management Loss*, NASDAQ Globe Newswire (Nov. 5, 2014, 5:44 PM), http://globenewswire.com/news-release/2014/11/05/680315/0/en/OW-Bunker-announces-fraud-in-Singapore-subsidiary-and-additional-significant-risk-management-loss.html.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *OW Bunker Files for Bankruptcy*, NASDAQ Globe Newswire (Nov. 7, 2011, 1:02 PM), http://globenewswire.com/news-release/2014/11/07/681266/0/en/OW-Bunker-files-for-bankruptcy.html.

### III. The German Proceeding

17. The Debtor filed an application with the German Court on November 12, 2014 to open insolvency proceedings under the German Insolvency Code. The Debtor operated under preliminary insolvency proceedings until December 15, 2014 when such proceedings were converted into final insolvency proceedings. Under the German Proceeding, the Administrator was appointed the preliminary insolvency administrator (the "Preliminary Insolvency Order").

18. Following the Preliminary Insolvency Order, the German Court also installed a preliminary creditors' committee (*vorläufiger Gläubigeraussschuss*) (the "Preliminary Creditors' Committee") and appointed as its members: (i) Federal Employment Agency, Martin Klapper, Norderstraße 103, 20097 Hamburg; (ii) Frank Grell, c/o Latham Watkins LLP, Warburgstraße 50, 20354 Hamburg; (iii) Boris Gronenberg, Tegelweg 147a, 22159 Hamburg; (iv) Thomas Harbrecht, c/o Euler Hermes Deutschland AG, Friedensallee 254, 22763 Hamburg; (v) Gerhard Hefer, c/o Eley IT Service, Hauptstraße 23, 23879 Mölln; and (vi) Rabobank, Groodt van Roggenweg 400, 3531 Utrecht, Netherlands.

19. On December 15, 2014, the German Court opened the German Proceeding, and the Administrator was appointed the permanent insolvency administrator (the "Insolvency Order"). According to the Insolvency Order, the German Court had ascertained that it has jurisdiction to commence the case as a main insolvency proceeding in Germany and that the Debtor is insolvent. Pursuant to the Insolvency Order, the German Court confirmed the Preliminary Creditors' Committee, which was subsequently approved by the first creditors' meeting (*Gläubigerversammlung*) on February 11, 2015. As part of his duties as insolvency administrator, the Administrator consults with the Preliminary Creditors' Committee, which must approve certain important measures.

20. Other than the Debtor's interests in connection with the Interpleader Actions and the Arrest Actions, the Debtor has no assets located in the United States. All of the Debtor's assets, and its principal place of business, are located in Germany.

## IV. The Interpleader Actions and the Arrest Actions

21. The Debtor is party to seven actions pending in United States District Courts, as listed in Schedule 1 (the "U.S. Actions"). The U.S. Actions involve similar facts and issues of law, but were commenced in one of two different ways—four were commenced pursuant to 28 U.S.C. § 2361 (the "Interpleader Actions"),[18] and three were commenced pursuant to 46 U.S.C. §§ 31341-43 invoking the maritime procedures and special relief provided by Rule C ("Rule C") of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Arrest Actions").[19]

### A. The Interpleader Actions

22. The Interpleader Actions were commenced in the United States District Court for the Southern District of New York (the "SDNY District Court") by certain vessel owners or charterers (the "Interpleader Vessel Interests") against various parties, including the Debtor, based on amounts still owing by the Interpleader Vessel Interests for the supply of bunker fuel to vessels (the "Interpleader Vessels") owned or chartered by the Interpleader Vessel Interests.

23. Hapag-Lloyd Aktiengesellschaft is the plaintiff-Interpleader Vessel Interest in three of the Interpleader Actions, and Bonny Gas Transport Ltd. is the plaintiff-Interpleader Vessel Interest in the fourth Interpleader Action.

---

[18] The Interpleader Actions are: *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, Inc., et al.*, No. 1:15-cv-00190 (S.D.N.Y.); *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Service L.P., et al.*, No. 1:14-cv-10027 (S.D.N.Y.); *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH, et al.*, No. 1:14-cv-09542 (S.D.N.Y.); and *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC, et al.*, No. 1:14-cv-09949 (S.D.N.Y.).

[19] The Arrest Actions are: *NuStar Energy Services, Inc. v. M/V Columba, IMO No. 9143233, et al.*, No. 4:14-cv-03350 (S.D. Tex.); *NuStar Energy Services, Inc. v. M/V Canberra Express, IMO No. 9224049, et al.*, No. 4:14-cv-03294 (S.D. Tex.); and *U.S. Oil Trading L.L.C. v. M/V Vienna Express*, No. 1:15-cv-06718 (S.D.N.Y.).

24. The Interpleader Vessel Interests commenced the Interpleader Actions to: (a) prevent the named defendants, including the Debtor, from initiating and/or prosecuting arrest actions against the Interpleader Vessels; (b) determine the proper recipients of the amounts owed by the Interpleader Vessel Interests for the bunker fuel; and (c) obtain discharges of both *in personam* and *in rem* liability.

25. With the SDNY District Court's approval, the Interpleader Vessel Interests posted and deposited surety bonds into the registry of the SDNY District Court, which stand as security for the competing claims for payment and serve as substitute *res* for the Interpleader Vessels *in rem* and/or for the Interpleader Vessel Interests' payment obligations. Accordingly, the SDNY District Court issued anti-suit injunctions that prevent the Debtor and the other defendants in the Interpleader Actions from instituting or prosecuting any action against the Interpleader Vessels relating to the bunker fuel transactions that are the subject of the Interpleader Actions.

26. One of the Interpleader Actions[20] has been stayed by the SDNY District Court at the request of defendants O.W. Bunker USA Inc., O.W. Bunker North America Inc., and O.W. Bunker Holding North America Inc., which are debtors in chapter 11 proceedings pending in the United States District Court for the District of Connecticut.[21] The parties to the remaining, non-stayed Interpleader Actions are currently engaged in discovery, which is scheduled to conclude on December 18, 2015.

    **B.    The Arrest Actions**

27. The Arrest Actions were commenced by certain physical suppliers (the "Physical Suppliers") against several vessels (the "Arrest Action Vessels") as *in rem* defendants, seeking to

---

[20] *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, Inc., et al.*, No. 1:15-cv-00190 (S.D.N.Y.) [Doc. No. 48].

[21] *In re O.W. Bunker Holding North America Inc., et al.*, No. 14-51720 (Bankr. D. Conn.).

recover amounts allegedly owed for the supply of bunker fuel and to arrest the Arrest Action Vessels on the basis of alleged maritime liens pursuant to Rule C and 46 U.S.C. §§ 31341-43.

28. One of the Arrest Actions (the "SDNY Arrest Action")[22] was commenced in the United States District Court for the Western District of Washington, but, upon motion by the Debtor, was subsequently transferred to the SDNY District Court. The deadline to complete discovery in the SDNY Arrest Action is December 18, 2015.

29. The two remaining Arrest Actions (the "Texas Actions")[23] are pending in the United States District Court for the Southern District of Texas. There are currently two pending motions, filed by the Debtor, to transfer the Texas Actions to the SDNY District Court, and no discovery schedule has been set.

30. Pursuant to letters of undertaking or global security agreements, the vessel interests in the Arrest Actions posted security (in the form of surety bonds) in favor of the Physical Suppliers to prevent the arrest or secure the release of the Arrest Action Vessels.

31. As discussed above, the facts and issues of law in the Arrest Actions are similar to the Interpleader Actions (*i.e.*, they both involve disputes over unpaid bunker fuel transactions), but they differ in the way in which they were commenced.

32. Pursuant to Bankruptcy Code section 1520, the automatic stay under Bankruptcy Code section 362 will apply with respect to the Debtor after the German Proceeding is recognized as a "foreign main proceeding." At this time, the Debtor does not intend to invoke the automatic stay with respect to the Interpleader Actions or the Arrest Actions.

---

[22] *U.S. Oil Trading L.L.C. v. M/V Vienna Express*, No. 1:15-cv-06718 (S.D.N.Y.).

[23] *NuStar Energy Services, Inc. v. M/V Columba, IMO No. 9143233, et al.*, No. 4:14-cv-03350 (S.D. Tex.); and *NuStar Energy Services, Inc. v. M/V Canberra Express, IMO No. 9224049, et al.*, No. 4:14-cv-03294 (S.D. Tex.).

33. Upon this Court's recognition of the German Proceeding as a "foreign main proceeding," the Debtor intends to file a motion with the SDNY District Court seeking an order confirming that the Amended Standing Order of Reference in this District (M-431) requires that the Interpleader Actions and the Arrest Actions be referred to this Court.

34. After the Interpleader Actions and the Arrest Actions are referred to this Court, the Debtor intends to withdraw the reference to the Bankruptcy Court with respect to the Interpleader Actions and the Arrest Actions, pursuant to section 157 of title 28 of the United States Code, but only for the limited purpose of the SDNY District Court resolving issues related to maritime law. Specifically, the Debtor contemplates that the SDNY District Court will adjudicate whether the Physical Suppliers have maritime liens. After adjudication by the SDNY District Court of this (and any other) maritime issue, the Debtor contemplates that this Court will adjudicate all remaining issues, including which party is entitled to the interpleader funds.

35. The Debtor intends to comply with its discovery obligations in the Interpleader Actions and the Arrest Actions, including the deadline for completing discovery by December 18, 2015. This chapter 15 case is not intended to disrupt the discovery schedule set forth by the SDNY District Court. However, as discussed at the last telephonic status conference before the SDNY District Court, there may be factors independent of this chapter 15 case that necessitate a further extension to the discovery deadline in the Interpleader Actions and the Arrest Actions.

## REQUESTED RELIEF

36. The Administrator seeks the following relief:

   a. recognition, pursuant to Bankruptcy Code section 1517, of the German Proceeding as a "foreign main proceeding," as defined in Bankruptcy Code section 1502(4);

    b. all relief afforded to foreign main proceedings automatically upon recognition pursuant to Bankruptcy Code section 1520; and

    c. such other and further relief as is appropriate under the circumstances pursuant to Bankruptcy Code sections 105(a), 1507, and 1521.

### BASIS FOR REQUESTED RELIEF

37. For the reasons more fully set forth in the *Memorandum of Law in Support of Verified Petition for Recognition of German Administration Proceeding and Related Relief*, filed contemporaneously herewith, the German Proceeding is entitled to recognition under Bankruptcy Code section 1517 because:

    a. the German Proceeding is (i) a "foreign proceeding" within the meaning of Bankruptcy Code section 101(23), and (ii) a "foreign main proceeding" within the meaning of Bankruptcy Code section 1502(4) because the German Proceeding is pending in the location of the center of main interests for the Debtor;

    b. the Administrator is (i) a "person" within the meaning of Bankruptcy Code section 101(41), and (ii) a "foreign representative" within the meaning of Bankruptcy Code section 101(24);

    c. the Petition was filed in accordance with Bankruptcy Code sections 1504 and 1509; and

    d. the Petition satisfies the requirements of Bankruptcy Code sections 1504 and 1515.

38. The German Proceeding would not be manifestly contrary to the public policy of the United States, as prohibited by Bankruptcy Code section 1506. In fact, granting recognition

will promote the United States' public policy of respecting foreign insolvency proceedings, as articulated in, *inter alia*, Bankruptcy Code sections 1501(a) and 1508, and will further cooperation between courts to the maximum extent possible, as mandated by Bankruptcy Code section 1525(a). Thus, the circumstances warrant mandatory recognition of the German Proceeding under Bankruptcy Code section 1517.

WHEREFORE, the Administrator respectfully requests that this Court grant the Petition and enter the Proposed Order recognizing the German Proceeding as a "foreign main proceeding," and granting such other relief as is appropriate under the circumstances.

Dated: November 11, 2015
       New York, New York

**MCDERMOTT WILL & EMERY LLP**

/s/ Timothy W. Walsh
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
twwalsh@mwe.com
dazman@mwe.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Dr. Gideon Böhm declares as follows:

I am a lawyer of the law firm Münzel & Böhm in Hamburg, Germany, and the duly appointed administrator and foreign representative of O.W. Bunker Germany GmbH, which is currently in administration proceedings under the Germany Insolvency Code, subject to the supervision of the Local Court of Hamburg. I have full authority to verify the foregoing *Verified Petition for Recognition of German Administration Proceeding and Related Relief* (the "**Petition**"). I have read the Petition, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of October 2015 in Hamburg, Germany

_____
Name: Dr. Gideon Böhm
Title: Foreign Representative