**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
twwalsh@mwe.com
dazman@mwe.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re:                                                          :   Chapter 15
                                                                :
O.W. BUNKER GERMANY GMBH,[1]                                    :   Case No. 15-_____ (___)
                                                                :
    Debtor in a Foreign Proceeding.                           :
                                                                :
----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**VERIFIED PETITION FOR RECOGNITION OF**
**GERMAN ADMINISTRATION PROCEEDING AND RELATED RELIEF**

---

[1] The last four digits of the Debtor's tax identification number are 0130.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

JURISDICTION AND VENUE ................................................................................................ 2

BACKGROUND ....................................................................................................................... 3

ARGUMENT ............................................................................................................................. 3

I.  THE GERMAN PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING ................................................................................ 3

    A.  This Case Concerns a "Foreign Proceeding" ............................................. 4

    B.  This Case Was Commenced by a "Foreign Representative" ................................. 6

    C.  This Case Was Properly Commenced under Chapter 15 ....................................... 6

    D.  The German Proceeding Should Be Recognized as a Foreign Main Proceeding ................................................................................................................ 7

    E.  The Administrator is Entitled to an Order Granting Recognition of the German Proceeding as a Foreign Main Proceeding ............................................. 8

II. THE REQUESTED RELIEF DOES NOT VIOLATE BANKRUPTCY CODE SECTION 1506 ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
    374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) ......................5, 7

*In re Ephedra Prods. Liab. Litig.*,
    349 B.R. 333 (S.D.N.Y. 2006)...........................................................................................10

*In re Gold & Honey, Ltd.*,
    410 B.R. 357 (Bankr. E.D.N.Y. 2009)................................................................................10

*Hilton v. Guyot*,
    159 U.S. 113 (1895)............................................................................................................10

*Iida v. Kitahara (In re Iida)*,
    377 B.R. 243 (B.A.P. 9th Cir. 2007)...................................................................................10

*In re Metcalfe & Mansfield Alt. Invs.*,
    421 B.R. 685 (Bankr. S.D.N.Y. 2010)................................................................................10

*In re Millennium Global Emerging Credit Master Fund Ltd.*,
    458 B.R. 63 (Bankr. S.D.N.Y. 2011)....................................................................................6

*In re Qimonda AG*,
    433 B.R. 547 (E.D. Va. 2010).............................................................................................11

*In re SPhinX*,
    351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007) ..........................6

**Statutes**

11 U.S.C. § 101(23) ................................................................................................................3, 4, 5

11 U.S.C. § 101(24) ........................................................................................................................5

11 U.S.C. § 101(41) ........................................................................................................................3

11 U.S.C. § 105(a) ..........................................................................................................................3

11 U.S.C. § 304 ...............................................................................................................................4

11 U.S.C. § 1501(b)(l) ....................................................................................................................3

11 U.S.C. § 1502(2) ........................................................................................................................7

11 U.S.C. § 1502(4) ..................................................................................................................3

11 U.S.C. § 1504 ...................................................................................................................3, 4

11 U.S.C. § 1507 ...................................................................................................................2, 3

11 U.S.C. § 1509 ......................................................................................................................4

11 U.S.C. § 1515 ...............................................................................................................2, 3, 4

11 U.S.C. §§ 1515(a)-(c) ..........................................................................................................5

11 U.S.C. § 1516(a) .................................................................................................................6

11 U.S.C. § 1517 ...................................................................................................................1, 3

11 U.S.C. § 1517(b)(1) .............................................................................................................6

11 U.S.C. § 1520 ......................................................................................................................3

11 U.S.C. § 1521 ......................................................................................................................3

11 U.S.C. §1522 .......................................................................................................................9

28 U.S.C. § 157 .........................................................................................................................2

28 U.S.C. § 157(b)(2)(P) ..........................................................................................................2

28 U.S.C. § 1334 ......................................................................................................................2

28 U.S.C. § 1410(3) .................................................................................................................2

**Other Authorities**

H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88,
    169 at 175 ............................................................................................................................8

H.R. REP. NO. 109-31(I), at 109, *reprinted in* 2005 U.S.C.C.A.N. 88, 172 ...............................10

Dr. Gideon Böhm, a lawyer of the law firm Münzel & Böhm in Hamburg, Germany, is the duly appointed administrator and foreign representative (the "Administrator") of O.W. Bunker Germany GmbH (the "Debtor"), which is currently in administration proceedings under the Germany Insolvency Code (the "German Insolvency Code"), subject to the supervision of the Amtsgericht – Insolvenzgericht Hamburg (Local Court – Insolvency Court Hamburg) (the "German Court").

The Administrator commenced this chapter 15 case ancillary to the German Proceeding by filing the *Verified Petition for Recognition of German Administration Proceeding and Related Relief* (the "Petition"),[2] with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), seeking the entry of an order recognizing the German Proceeding as a "foreign main proceeding" under Bankruptcy Code section 1517 and granting such other relief as is appropriate in the circumstances.

The Administrator, through his undersigned attorneys, respectfully submits this Memorandum of Law in support of the Petition.

## PRELIMINARY STATEMENT

The Debtor filed an application with the German Court on November 12, 2014 to open insolvency proceedings under the German Insolvency Code. The Debtor operated under preliminary insolvency proceedings until December 15, 2014 when such proceedings were converted into final insolvency proceedings (the "German Proceeding"). Under the German Proceeding, the Administrator was appointed the preliminary insolvency administrator. After the final insolvency proceedings were opened on December 15, 2014, the Administrator was appointed the permanent insolvency administrator.

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Petition.

The German Proceeding was commenced to facilitate an orderly liquidation of the Debtor's assets in accordance with the priority scheme established under the German Insolvency Code, and under the supervision of the German Court. Chapter 15 of the Bankruptcy Code authorizes this Court to (i) recognize a foreign proceeding upon a foreign representative's proper commencement of a case under chapter 15 and (ii) grant assistance in the United States to such foreign representative with respect to the foreign proceeding, including by providing additional assistance under Bankruptcy Code section 1507 and fashioning appropriate relief pursuant to Bankruptcy Code section 1521.

The Petition satisfies all of the requirements set forth in Bankruptcy Code section 1515. As a proceeding under the German Insolvency Code subject to the supervision of the German Court involving a company with its center of main interest in Germany, the German Proceeding is entitled to the recognition and relief provided by chapter 15. The Administrator is informed and believes that granting the relief sought herein will best assure the fair and efficient administration of the German Proceeding in accordance with the principles underlying chapter 15 of the Bankruptcy Code. Moreover, such relief is consistent with the relief afforded by United States courts in other ancillary chapter 15 cases involving administration proceedings under the German Insolvency Code.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Code section 1501, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(2) because there are pending proceedings against the Debtor in this District. The

statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 1504, 1507, 1515, 1517, 1520 and 1521.

## BACKGROUND

For a detailed description of the Debtor's business and the circumstances leading to the commencement of the German Proceeding, the Court is respectfully referred to the Petition.

## ARGUMENT

### I.

### THE GERMAN PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING

Chapter 15 of the Bankruptcy Code applies where a foreign representative seeks the assistance of a United States Bankruptcy Court in connection with a foreign proceeding. 11 U.S.C. § 1501(b)(l). The German Proceeding is entitled to recognition as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because, among other things:

(A) the German Proceeding is a "foreign proceeding" within the meaning of Bankruptcy Code section 101(23) and is a "foreign main proceeding" within the meaning of Bankruptcy Code section 1502(4) because the German Proceeding is pending in the location of the center of main interests of the Debtor;

(B) the Administrator is a "person" within the meaning of Bankruptcy Code section 101(41) and a "foreign representative" within the meaning of Bankruptcy Code section 101(24);

(C) the Petition was filed in accordance with Bankruptcy Code sections 1504 and 1509; and

(D) the Petition meets the requirements of Bankruptcy Code sections 1504, 1509, and 1515.

A. <u>This Case Concerns a "Foreign Proceeding"</u>

The German Proceeding is a "foreign proceeding" within the meaning of Bankruptcy Code section 101(23). That section provides, in pertinent part, as follows:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

The German Proceeding is a "foreign proceeding" within the meaning of the Bankruptcy Code. As established by the *Declaration of Matthias Kampshoff in Support of the Verified Petition for Recognition of German Administration Proceeding and Related Relief* (the "<u>Kampshoff Declaration</u>"), the German Proceeding is a proceeding in a foreign country that is judicial in character and collective in nature. As demonstrated by the Decision (*Beschluss*) of the Hamburg Local Court (*Amtsgericht Hamburg*)—here in its function as insolvency court (*Insolvenzgericht*)—attached as Exhibit 3 to the *Declaration of Darren Azman Regarding Determination of Foreign Law* (the "<u>Azman Declaration</u>"), the Debtor's insolvency proceedings (*Insolvenzverfahren*) were commenced on December 15, 2014 (*Insolvenzeröffnung*). The German Proceeding was opened according to the governing provisions of the German Insolvency Code (*Insolvenzordung*).[3]

Under the German Insolvency Code, the local German court applies the German Insolvency Code, which by its terms is a law related to insolvency or the adjustment of debts for the purpose of reorganization or liquidation. *See* German Insolvency Code § 2 ("The local court within whose district a regional court is located has exclusive jurisdiction for insolvency

---

[3] For the Court's reference and convenience, an English translation of the German Insolvency Code, published annually by the law firm of Schultz & Braun GmbH, is attached to the Azman Declaration as Exhibit 7.

- 4 -

proceedings as the insolvency court for the district of this regional court."); *Id.* § 1 ("The purpose of insolvency proceedings is the collective satisfaction of the debtor's creditors through realisation of the debtor's assets and distribution of the proceeds or through agreement on an alternative arrangement in an insolvency plan, particularly in order to maintain the enterprise."). The German Insolvency Code provides that the insolvency administrator shall either "realise the assets forming the insolvency estate without delay unless the resolutions of the creditors' meeting preclude this, for the satisfaction of creditors' claims in accordance with the provisions of the German Insolvency Code or as permitted by Part Six of German Insolvency Code, the creditors' claims "may be regulated in an insolvency plan." *Id.* §§ 159, 217.

As such, the German Proceeding falls squarely within the definition contained in Bankruptcy Code section 101(23). Indeed, since the passage of chapter 15, German insolvency proceedings, and in particular those under the German Insolvency Code, have been granted recognition by courts in the United States. *See, e.g.*, *In re Anette Hoos-Späth*, No. 15-10341 (Bankr. S.D. Fla. Feb. 17, 2015) [Docket No. 8]; *In re Arzberg-Porzellan, GmbH*, No. 13-44255 (Bankr. Ed. Mo. June 12, 2013) [Docket No. 19]; *In re Exodus Commc'ns GmbH*, No. 13-52147 (Bankr. N.D. Cal. May 20, 2013) [Docket No. 10]; *In re Solar Millenium AG*, No. 12-11722 (Bankr. D. Del. May 6, 2013) [Docket No. 38]; *In re Qimonda AG*, No. 09-14766 (Bankr. E.D. Va. July 22, 2009) [Docket No. 56]; *In re Industrieplanung Fischer Aktiengesellschaft*, No. 07-30662 (Bankr. M.D. Ala. June 19, 2007) [Docket No. 7].

B.    This Case Was Commenced by a "Foreign Representative"

This case was commenced by the Administrator, the duly authorized, "foreign representative" of the Debtor within the meaning of Bankruptcy Code section 101(24). That section defines a "foreign representative," in pertinent part, as a "person or body . . . authorized

in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

Section 80(1) of the German Insolvency Code provides that "[a]s a result of commencement of insolvency proceedings the right of the debtor to manage and dispose of the assets of the insolvency estate vests in the insolvency administrator." Similarly, under Section 148(1) of the German Insolvency Code, upon opening of the insolvency proceeding, the insolvency administrator "shall immediately assume possession and management of all the assets belonging to the insolvency estate." The assets involved in a German insolvency proceeding are "all of the assets which belong to the debtor at the time when the proceedings are commenced and which the debtor acquires during the proceedings." *See* German Insolvency Code § 35. Additionally, the "insolvency administrator is subject to the supervision of the insolvency court." *Id.* § 58(1). Accordingly, the Administrator's statutory duties render him a proper "foreign representative" within the meaning of Bankruptcy Code section 101(24).

C.     This Case Was Properly Commenced under Chapter 15

The Administrator duly and properly commenced this chapter 15 case, as required by Bankruptcy Code sections 1504 and 1509, by filing the Petition for recognition of a foreign proceeding under Bankruptcy Code section 1515(a) accompanied by all documents and information required by Bankruptcy Code section 1515(b) and (c). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Administrator has satisfied the requirements set forth in Bankruptcy Code section 1515, he has properly commenced this chapter 15 case.

D.      The German Proceeding Should Be Recognized as a Foreign Main Proceeding

The German Proceeding should be recognized as a "foreign main proceeding," as defined in Bankruptcy Code section 1502(4). The Bankruptcy Code provides that a "foreign proceeding" that is the subject of a chapter 15 petition must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its "center of . . . main interests." 11 U.S.C. § 1517(b)(1). The term "center of main interest" or "COMI" is not defined in chapter 15, but absent evidence to the contrary, a debtor's registered office is presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c). The registered office for the Debtor is located at Neumühlen 11, 22763, Hamburg, Germany. Therefore, the Court is entitled to presume that Germany is the center of main interests for the Debtor.

This presumption is further supported by the evidence. Although the Bankruptcy Code does not define "center of main interests," courts equate the concept with a company's principal place of business, examining factors such as the location of the debtor's headquarters, management, assets, creditors, and the jurisdiction of controlling law. *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 70 (Bankr. S.D.N.Y. 2011) ("In determining the COMI of a foreign debtor, cases have examined a number of factors, including: the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.") (*quoting In re SPhinX*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007)); *In re Bear Stearns*, 374 B.R. at 128 (same). These factors were recently affirmed by this Court. *See In re Fairfield Sentry Ltd.*, 440 B.R. 60 (Bankr. S.D.N.Y.

2010). A review of these factors also militates toward finding that Germany is the center of main interests for the Debtor.

- *Headquarters and Management.* The Debtor's corporate head office and nerve center was located in Hamburg, Germany.

- *Property and Assets.* The Debtor's principal property and assets are located in Germany.

- *Controlling Law*. The Debtor is organized under the laws of Germany and subject to the German Insolvency Code.

There is overwhelming evidence that the German Proceeding is pending where the Debtor has its center of main interests, and therefore the German Proceeding constitutes a "foreign main proceeding" as defined in Bankruptcy Code section 1502(4).

E.    The Administrator is Entitled to an Order Granting Recognition of the German Proceeding as a Foreign Main Proceeding

As evidenced above, the German Proceeding is a "foreign main proceeding" within the meaning of Bankruptcy Code section 1502(4), the Administrator applying for recognition is a "foreign representative" within the meaning of Bankruptcy Code section 101(24), and the Petition meets the requirements of Bankruptcy Code section 1515. Bankruptcy Code section 1517(a) provides, in pertinent part, that "[s]ubject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if - (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515. *See also* H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88, 169 at 175 (the "decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings

- 8 -

of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition"). Accordingly, the Administrator respectfully submits that the Court should enter an order recognizing the German Proceeding as a "foreign main proceeding" pursuant to Bankruptcy Code section 1517.

## II.

## THE REQUESTED RELIEF DOES NOT VIOLATE BANKRUPTCY CODE SECTION 1506

The requested relief does not violate Bankruptcy Code section 1506, which provides that a court may refuse to take an action in a chapter 15 case if such "action would be manifestly contrary to the public policy of the United States." The legislative history of Bankruptcy Code section 1506 makes clear that the public policy exception should be "narrowly interpreted" and is restricted to "the most fundamental policies of the United States." *In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333, 336 (S.D.N.Y. 2006) (citing H.R. REP. NO. 109-31(I), at 109, *as reprinted in* 2005 U.S.C.C.A.N. 88, 172); *see also In re Gold & Honey, Ltd.*, 410 B.R. 357 (Bankr. E.D.N.Y. 2009); *cf. Hilton v. Guyot*, 159 U.S. 113 (1895) (holding that a foreign judgment should generally be accorded comity if "its proceedings are according to the course of a civilized jurisprudence"). Accordingly, courts have held that the public policy exception "should be interpreted restrictively" and that "a foreign judgment should generally be accorded comity if its proceedings are . . . fair and impartial." *In re Ephedra Prods. Liab. Litig.*, 349 B.R. at 90-91 (internal citations omitted) (affirming foreign judgment issued in the absence of a jury trial); *see also In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010) (noting that "this public policy exception is narrowly construed" and enforcing broad third-party releases); *Iida v. Kitahara (In re Iida)*, 377 B.R. 243 (B.A.P. 9th Cir. 2007) ("This public policy

- 9 -

exception is narrow and, by virtue of the qualifier 'manifestly,' is limited only to the most fundamental policies of the United States."). Courts engaging in this analysis examine (i) whether the foreign proceeding was procedurally unfair and (ii) whether the application of foreign law would "'severely impinge the value and import' of a U.S. statutory or constitutional right, such that granting comity would 'severely hinder United States bankruptcy courts' abilities to carry out . . . the most fundamental policies and purposes' of these rights." *In re Qimonda AG,* 433 B.R. 547, 569 (E.D. Va. 2010) (citing *Gold & Honey, Ltd.*, 410 B.R. at 372).

In the instant matter, the Administrator requests an order recognizing the German Proceeding as a "foreign main proceeding." It cannot be contended that mere recognition of the German Proceeding would violate the public policy of the United States as such relief is expressly provided for in the Bankruptcy Code.

Accordingly, the Administrator respectfully submits that this Court should enter an order recognizing the German Proceeding. Such relief would not be manifestly contrary to the public policy of the United States, as prohibited in Bankruptcy Code section 1506. Indeed, granting such recognition furthers the United States' public policy respecting foreign proceedings as articulated, among other ways, through the objectives set forth in Bankruptcy Code sections 1501(a) and 1508.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Administrator respectfully requests that this Court grant the relief requested in the Petition, and such other and further relief as may be just and proper.

Dated: November 11, 2015  **MCDERMOTT WILL & EMERY LLP**
      New York, New York

<div style="margin-left: 3em;">
/s/ Timothy W. Walsh  
Timothy W. Walsh  
Darren Azman  
340 Madison Avenue  
New York, New York 10173  
Telephone: (212) 547-5400  
Facsimile: (212) 547-5444  
twwalsh@mwe.com  
dazman@mwe.com  
</div>