**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
twwalsh@mwe.com
dazman@mwe.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                              :     Chapter 15
:
O.W. BUNKER GERMANY GMBH,[1]            :     Case No. 15-_____ (___)
:
    Debtor in a Foreign Proceeding.                  :
:
---------------------------------------------------------------x

**DECLARATION OF DR. MATTHIAS KAMPSHOFF IN SUPPORT OF**
**VERIFIED PETITION FOR RECOGNITION OF**
**GERMAN ADMINISTRATION PROCEEDING AND RELATED RELIEF**

I, Dr. Matthias Kampshoff, state as follows:

1.  I am a German Rechtsanwalt, which translates to "attorney," licensed in all district and appellate courts in Germany, and am a member of the law firm McDermott Will & Emery Rechtsanwälte Steuerberater LLP ("McDermott").  McDermott currently provides German law advice to Dr. Gideon Böhm, in his capacity as the insolvency administrator and foreign representative (the "Administrator") of O.W. Bunker Germany GmbH (the "Debtor"), which is currently in administration proceedings (the "German Proceeding") under the Germany Insolvency Code, subject to the supervision of the Amtsgericht – Insolvenzgericht Hamburg (Local Court – Insolvency Court Hamburg).

---
[1] The last four digits of the Debtor's tax identification number are 0130

2. This declaration is comprised of statements of fact that are either (a) based on my personal knowledge and are known to me to be true and accurate, or (b) if not within my personal knowledge, are derived from documents or information supplied to me by or on behalf of the Administrator, and are true to the best of my knowledge, information and belief.

3. I submit this declaration in support of the *Verified Petition for Recognition of German Administration Proceeding and Related Relief* (the "Petition") filed on the date hereof.

4. The Debtor filed an application with the German Court on November 12, 2014 to open insolvency proceedings under the German Insolvency Code. The Debtor operated under preliminary insolvency proceedings until December 15, 2014 when such proceedings were converted into final insolvency proceedings. Under the German Proceeding, the Administrator was appointed the preliminary insolvency administrator (the "Preliminary Insolvency Order").

5. Following the Preliminary Insolvency Order, the German Court also installed a preliminary creditors' committee (*vorläufiger Gläubigeraussschuss*) (the "Preliminary Creditors' Committee") and appointed as its members: (i) Federal Employment Agency, Martin Klapper, Norderstraße 103, 20097 Hamburg; (ii) Frank Grell, c/o Latham Watkins LLP, Warburgstraße 50, 20354 Hamburg; (iii) Boris Gronenberg, Tegelweg 147a, 22159 Hamburg; (iv) Thomas Harbrecht, c/o Euler Hermes Deutschland AG, Friedensallee 254, 22763 Hamburg; (v) Gerhard Hefer, c/o Eley IT Service, Hauptstraße 23, 23879 Mölln; and (vi) Rabobank, Groodt van Roggenweg 400, 3531 Utrecht, Netherlands.

6. On December 15, 2014, the German Court opened the German Proceeding, and the Administrator was appointed the permanent insolvency administrator (the "Insolvency Order"). According to the Insolvency Order, the German Court had ascertained that it has jurisdiction to commence the case as a main insolvency proceeding in Germany and that the

Debtor is insolvent.  Pursuant to the Insolvency Order, the German Court confirmed the Preliminary Creditors' Committee, which was subsequently approved by the first creditors' meeting (*Gläubigerversammlung*) on February 11, 2015.  As part of his duties as insolvency administrator, the Administrator consults with the Preliminary Creditors' Committee, which must approve certain important measures.

7. Based on the information above, I believe that the German Proceeding under the German Insolvency Code should be made binding and enforceable in the United States under chapter 15 of title 11 of the United States Code.  It is my understanding that the German Proceeding would be entitled to automatic recognition in the European Union member countries (except the Kingdom of Denmark) as an insolvency proceeding under Art. 16 Council Regulation (EC) No. 1346/2000 of May 31, 2000 on insolvency proceedings, and that under Art. 3 of that Council Regulation, Germany would be considered to be the Debtor's center of main interest because the place of its registered office is in Hamburg, Germany, which is presumed to be the center of the Debtor's main interests absent proof to the contrary.  Furthermore, the Debtor had its headquarters in Hamburg, where all of its employees were employed.

8. Under the auspices of the German Court, with the ancillary assistance of this Court, the ultimate goal of the Debtor is to satisfy the claims of creditors to the greatest extent possible and to try to maximize the value of its assets in a winding up process.

9. To effectuate this goal, the Administrator respectfully requests the assistance of the United States Bankruptcy Court for the Southern District of New York to bind creditors in the United States to the German Proceeding, prevent foreclosure or any other action against the Debtor's property, and adjudicate certain issues with respect to the Interpleader Actions and the Arrest Actions (each as defined and described in the Petition).

10. I believe that the relief requested in the Petition is necessary to give effect to the German Proceeding in the United States, protect the Debtor's interests in the United States, and to prevent creditors from taking actions in the United States under U.S. law, which could frustrate the German Proceeding. Moreover, the relief requested in the Petition will best assure an economical, expeditious and fair administration of the Debtor's business for the benefit of all creditors.

11. The relief sought will reasonably assure the just treatment of all creditors because creditors in the United States will not be prejudiced or unduly inconvenienced in the processing of claims in accordance with the priorities in effect in Germany.

12. Moreover, the relief sought in the Petition will ensure that claims of all creditors will be processed in an orderly and equitable manner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge information and belief.

- 5 -

Dated: Düsseldorf, Germany  By: _____
October 20, 2015  Dr. Matthias Kampshoff