**NORTON ROSE FULBRIGHT US LLP**
David A. Rosenzweig
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
david.rosenzweig@nortonrosefulbright.com

Michael M. Parker
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
michael.parker@nortonrosefulbright.com

*Counsel to NuStar Energy Services, Inc. and NuStar Terminals Marine Services N.V.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
O.W. BUNKER GERMANY GMBH,[1]   :  Case No. 15-13018
:
    Debtor in a Foreign Proceeding.   :  **Response to Verified Petition for**
:  **Recognition of German Administration**
:  **Proceeding and Related Relief**
:
:
:
------------------------------------------------------- X

       NuStar Energy Services, Inc. ("**NuStar Services**") and NuStar Terminals Marine Services N.V. ("**NuStar Terminals**"), file this Response to "Verified Petition for Recognition of German Administration Proceeding and Related Relief" ("**Petition for Recognition**") filed by Dr. Gideon Böhm ("**Administrator**") on behalf of debtor O.W. Bunker Germany GmbH ("**Debtor**" or "**O.W. Germany**") and respectfully state as follows:

---

[1] The last four digits of the Debtor's tax identification number are 0130.

41996400.8

# I.
# INTRODUCTION

This chapter 15 petition appears to be an improper, and untimely attempt to transfer or remove certain maritime litigation from the federal district courts in the Southern Districts of Texas and New York to the bankruptcy court in the Southern District of New York. No legitimate purpose is served by the chapter 15 petition.

# II.
# ATTACHMENTS TO THIS RESPONSE

1. NuStar Services attaches the following to this Response:

| Exhibit | Description | Comment |
|---|---|---|
| NS-1 | Motions for Status Conference and to Sever NuStar Energy Services, Inc.'s Claims (Filed in S.D. Tex. Case Nos. 4:14-cv-3294 and 4:14-cv-03350) | To discuss the implications of O.W. Germany's Chapter 15 Petition to sever NuStar's maritime lien claims against ten Hapag-Lloyd Aktiengesellschaft ("Hapag") vessels being litigated in Texas (the "Hapag ships"). NuStar's claims against the Hapag ships are not part of any bankruptcy proceeding or subject to any bankruptcy stay. |

# III.
# FACTS

**A.    German Insolvency Proceedings Filed a Year Ago**

2. According to the Petition for Recognition, *insolvency proceedings in Germany were filed one year ago*. The Petition for Recognition states:

> The Debtor filed an application with the German Court on November 12, 2014 to open insolvency proceedings under the German Insolvency Code. The Debtor operated under preliminary insolvency proceedings until December 15, 2014 when such proceedings were converted into final insolvency proceedings. . . . On December 15, 2014, the German Court opened the German Proceeding, and the Administrator was appointed the permanent insolvency administrator (the "Insolvency Order").

Petition for Recognition paras. 17 and 19. Notably, OW Germany's Petition for Recognition does not explain or make any attempt to justify the belated filing of the chapter 15 petition one year after insolvency proceedings were commenced in Germany.

### B.    Pre-Chapter 15 Litigation With NuStar Services

3.    NuStar Services and NuStar Terminals are parties to certain pending litigation in the Southern District of Texas and New York to which OW Germany is an ancillary party.

4.    In Texas, NuStar Services filed maritime lien claims against 10 vessels pursuant to 46 U.S.C. §§ 31341-43, and invoking the maritime procedures and special relief provided by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "**Arrest Actions**"). In these Arrest Actions, NuStar Services, as an unpaid supplier of necessaries (bunker fuel oil) to each vessel at issue, asserts a maritime lien against each such vessel to secure payment for the necessaries NuStar supplied to and on the order of the vessels. NuStar Services asserted no claim against OW Germany.

5.    Discovery has begun in the Arrest Actions.

6.    On July 6, 2015 NuStar Services filed a motion for summary judgment in Arrest Action 4:14-cv-03294 (Dkt. 24). On August 28, 2015 OW Germany filed a responsive brief (Dkt. 48) to NuStar Services' motion for summary judgment. The matter is ripe for decision.

7.    The NuStar Services' Arrest Actions involving OW Germany are summarized as follows:

| Style | Case No. | Juris. | Date Filed | Comment |
|---|---|---|---|---|
| NuStar Energy Services, Inc. v. M/V Columba, IMO No. 9143233, et al. | 4:14-cv-03350 | S.D. Tex. | 11/21/2014 | NuStar Services filed the Arrest Action against the vessel M/V COLUMBA; Hapag-Lloyd Aktiengesellschaft (hereinafter "Hapag- |

| Style | Case No. | Juris. | Date Filed | Comment |
|---|---|---|---|---|
| | | | | Lloyd"), as claimant to the *in rem* defendant M/V COLUMBA filed a Third Party-Complaint against O.W. Germany; O.W. Germany appeared through counsel on July 10, 2015 (Dkt. 23). |
| NuStar Energy Services, Inc. v. M/V Canberra Express, IMO No. 9224049, et al., | 4:14-cv-03294 | S.D. Tex | 11/17/2014 | NuStar Services filed the Arrest Action against the vessel M/V CANBERRA EXPRESS; Hapag-Lloyd, as claimant to the *in rem* defendant M/V CANBERRA EXPRESS filed a Third Party-Complaint against O.W. Germany; O.W. Germany appeared through counsel on July 9, 2015 (Dkt. 28) |

8. OW Germany has long been a party to and participated in the Arrest Actions.

9. In New York, NuStar Terminals and OW Germany are both defendants to an interpleader and injunctive action filed by the owners and charterers of the vessel LNG FINIMA ("**Interpleader Action**"). In the Interpleader Action, NuStar Terminals, as an unpaid supplier of necessaries (bunker fuel oil) to the vessel LNG FINIMA, asserts a maritime attachment claim against the Owners of the LNG FINIMA to secure payment for the necessaries it supplied to and on the order of the vessel.

10. Discovery has begun in the Interpleader Action.

11. Southern District of New York U.S. District Judge Valerie Caproni currently has many similar interpleader actions pending before her, all of which are currently in discovery.

12. An appeal challenging Judge Caproni's jurisdiction over related interpleader actions is pending before the Second Circuit. The appeal followed months of argument and briefing.

13. The Interpleader Action is summarized as follows:

| Style | Case No. | Juris. | Date Filed | Comment |
|---|---|---|---|---|
| Bonny Gas Transport v O.W. Bunker Germany GmbH et al. | SDNY 14-cv-09542 | S.D. NY | 12-3-14 | O.W. Germany appeared through counsel on Feb. 3, 2015 (Dkt. 31) |

14. OW Germany has long been a party to and participated in the Interpleader Action, having appeared on February 3, 2015.

**C.   OW Bunker Trading A/S Insolvency in Denmark and Existing Chapter 11 Petitions in the District of Connecticut**

15. OW Germany is one of many affiliates of OW Bunker Trading A/S ("**OW Bunker Parent**"), which is the Danish parent of OW Germany, OW Bunker USA, Inc. ("**OWUSA**"), O.W. Bunker North America, Inc. ("**OWNA**"), and OW Bunker North America Holding, Inc. ("**OW Holding**"). OWUSA, OWNA, and OW Holding (collectively the "**OW US Debtors**") all filed chapter 11 bankruptcy petitions in the District of Connecticut on November 13, 2014, a year ago, at nearly the same time that OW Germany filed its insolvency proceeding in Germany. OW Bunker Parent filed its insolvency proceeding in Denmark on or about November 7, 2014.

16. OW US Debtors are on the verge of confirming what appears to be a largely consensual plan of reorganization on December 10, 2015, two days after the hearing set in this Court. The OW US Debtors have been actively involved in the Arrest Actions, the Interpleader Action and the many related OW Bunker vessel actions pending in the SDNY and the SDTX.

Unlike OW Germany, the OW US Debtors have substantial assets in the United States and were the primary US operating entities for the OW Bunker Parent world-wide enterprise.

17. OW Bunker Parent has not filed a Chapter 15 petition in the United States. OW Bunker Parent has no known assets in the United States. Likewise, OW Germany has no known assets in the United States.

18. OW Bunker Parent also has affiliates in Singapore, the Middle East, Panama, the United Kingdom, and other locations. None of those affiliates, to the best of NuStar's knowledge, has any assets in the United States. On information and belief, all of those OW Bunker Parent affiliates have entered insolvency proceedings in their respective countries of origin. None of those OW Bunker affiliates has sought the protection of Chapter 15. If all of OW Bunker Parent's affiliates where to file Chapter 15 petitions in the United States to attempt to obtain litigation advantage, not only would such filings wreak havoc with the now long-tenured, on-going Arrest Actions, Interpleader Action, and multiple related vessel actions, but it could create chaos with respect to and unnecessarily delay the on-going actions (*e.g.* multiple different automatic stays might apply to long-tenured litigation.).

**D.    Chapter 15 Petition**

19. On November 11, 2015, ("**Petition Date**"), the Administrator filed an Official Form 1 Voluntary Chapter 15 petition along with a Petition for Recognition for O.W. Germany. 15-13018 Dkts. 1, 2.

**E.    Motion for Status Conference in the NuStar Arrest Actions**

20. On November 17, 2015, NuStar Services filed a parallel "Motion for Status Conference and to Sever NuStar Energy Services, Inc.'s Claims" ("**Motion for Status Conference**") in the CANBERRA EXPRESS and COLUMBA Arrest Actions. A copy of the

Motion for Status Conference filed in both the Canberra and Columba Arrest Actions is attached hereto as Exhibit NS-1 and incorporated herein.

**F.**   **Status in the Interpleader Action and the Arrest Actions**

21.   On November 11, 2015, NuStar Terminals received a letter from counsel for OW Germany to Judge Caproni advising Judge Caproni about its Petition for Recognition. For unknown reasons, OW Germany did not submit a similar letter to the Judge presiding over the Arrest Actions in Texas.

## IV.
## ARGUMENT AND AUTHORITIES

**A.**   **Chapter 15 Requirements**

22.   There are certain requirements that must be met to qualify as a chapter 15 case, and whether the foreign proceeding is a foreign main proceeding or a foreign nonmain proceeding. 11 U.S.C. §§ 1515(b), 1517; FED. R. BANKR. P. 1007. NuStar Services contends that the alleged foreign representative has the burden of proof to show that these requirements have been satisfied, and insists that such foreign representative meet its burden of proof of these issues at the hearing on recognition with admissible evidence.

**B.**   **No Relief Requested Other Than Recognition and Automatic Relief**

23.   The Petition for Recognition simply seeks a finding that the Administrator is a foreign representative and that the German Proceeding is a foreign main proceeding under the Bankruptcy Code, and that the automatic relief under 11 U.S.C. § 1520 take effect upon entry of the order.

**C.      No Discretionary Relief Requested**

24.     NuStar Services notes that the Debtor or Administrator has not requested any discretionary relief under 11 U.S.C. § 1521.  NuStar Services opposes any discretionary relief.  Such a request would require, among other things, additional proof. 11 U.S.C. § 1522(a).

**D.      Automatic Stay Does Not Apply to the Arrest Actions**

25.     The Petition for Recognition states:

> Pursuant to Bankruptcy Code section 1520, the automatic stay under Bankruptcy Code section 362 will apply with respect to the Debtor after the German Proceeding is recognized as a "foreign main proceeding." At this time, the Debtor does not intend to invoke the automatic stay with respect to the Interpleader Actions or the Arrest Actions.

Petition for Recognition para. 32.

26.     It is not the Debtor's (or the Administrator's) choice on whether to "invoke" the automatic stay.  By its definition, the stay is automatically invoked. 11 U.S.C. § 362(a).

27.     NuStar Services contends that the automatic stay does not apply to its Arrest Actions to enforce its maritime liens against vessels owned by non-debtors.  Under the Federal Maritime Lien Act, 46 U.S.C. §§ 31301-31343, suppliers such as NuStar Services who supply "necessaries" to a vessel (such as bunker fuel oil to power the vessel) acquire a maritime lien on the vessel to secure payment for the bunker fuel oil.  *See, e.g.,* 46 U.S.C. § 971; *Belcher Co. of Alabama v. M/V Maratha Mariner*, 724 F.2d 1161, 1163 (5th Cir. 1984); *see also Exxon Corp. v. Cent. Gulf Lines*, 780 F. Supp. 191, 193–94 (S.D.N.Y. 1991) (fuel oil bunkers qualify as "necessaries," giving rise to an enforceable maritime lien).

28.     NuStar Service's maritime liens attached to numerous private vessels owned by non-debtor third-parties who acquired NuStar Services' fuel bunkers. *See* 46 U.S.C. § 31342; *see also Gulf Marine & Indus. Supplies, Inc. v. Golden Prince M/V*, 230 F.3d 178, 180 (5th Cir. 2000) (citing to 46 U.S.C. § 31342 for the proposition that a person providing necessaries to a

vessel has a maritime lien on the vessel). Maritime liens are in the vessels themselves—not in their cargo. *Gulf Marine*, 230 F.3d at 180. Under maritime law, vessel arrests are *in rem* proceedings against the vessel (not the bunkers) by a maritime lienholder (a bunker supplier). *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods.)*, 23 F.3d 241, 244-45 (9th Cir. 1994).

29. In *Chugach*, debtors Chugach hired stevedores to load logs and lumber onto the Hermes Island, a vessel not owned by the debtors. 23 F.3d 241 (9th Cir. 1994). Upon completion of the job, the stevedores billed Chugach $101,488.94 and, pursuant to the Maritime Lien Act, acquired a lien on the Hermes Island. Before paying this bill, Chugach filed a chapter 11 bankruptcy petition. Post-petition, Churgach again hired the stevedores to load another shipment onto the Hermes Island, which they did. Then the stevedores filed an *in rem* complaint (which named only the vessel and made no mention of the Chugach bankruptcy proceedings) in federal court to arrest the Hermes Island pursuant to the maritime lien. The federal court magistrate judge issued an arrest warrant for the Hermes Island. The Ninth Circuit held that the procurement of the arrest of the Hermes Island was not a violation of the automatic stay of 11 U.S.C. § 362(a). The Ninth Circuit noted that the arrest of the vessel did not amount to an exercise of control over property of the bankruptcy estate.

30. In the Motion for Status Conference, NuStar Services argues (a) that the automatic stay of the O.W. Germany Chapter 15 case (if recognition is granted) does not apply to NuStar Services' claims against the vessels seeking to enforce its maritime lien and (b) that NuStar Services' claims against the vessels be severed from the claims involving O.W. Germany and all other parties. Exhibit NS-1. Those arguments are incorporated herein.

E.   **Automatic Stay May Apply to Interpleader Action**

31.   Judge Caproni has not made any formal determination regarding application of the automatic stay (of O.W. Bunker USA, Inc.s bankruptcy case) to the Interpleader Action or similar interpleader actions, but OW Bunker USA, Inc. has sought to reserve the right to assert application of the automatic stay.  Although the terms of 11 U.S.C. §362(a) appear to encompass such litigation as the Interpleader Action where an injunction has issued against a debtor, Judge Caproni has proceeded in the Interpleader Action as if the automatic stay does not apply to that action.

F.   **Improper Ploy for the Removal and Transfer of the Texas Arrest Actions and the Interpleader Action**

32.   The Petition for Recognition makes clear that OW Germany intends to attempt to remove and transfer the Arrest Actions from the Southern District of Texas to this Court and/or the District Court for the Southern District of New York, and to similarly remove the Interpleader Action to this Court. The Petition for Recognition states in relevant part that:

> 33.   Upon this Court's recognition of the German Proceeding as a "foreign main proceeding," the Debtor intends to file a motion with the SDNY District Court seeking an order confirming that the Amended Standing Order of Reference in this District (M-431) requires that the Interpleader Actions and the Arrest Actions be referred to this Court.
>
> 34.   After the Interpleader Actions and the Arrest Actions are referred to this Court, the Debtor intends to withdraw the reference to the Bankruptcy Court with respect to the Interpleader Actions and the Arrest Actions, pursuant to section 157 of title 28 of the United States Code, but only for the limited purpose of the SDNY District Court resolving issues related to maritime law.  Specifically, the Debtor contemplates that the SDNY District Court will adjudicate whether the Physical Suppliers have maritime liens.  After adjudication by the SDNY District Court of this (and any other) maritime issue, the Debtor contemplates that this Court will adjudicate all remaining issues, including which party is entitled to the interpleader funds.
>
> Petition for Recognition paras. 33 and 34.

33. Any attempt by OW Germany to remove or transfer the Texas Arrest Actions and the Interpleader Actions is wrongful, and should be denied for multiple reasons. First, the Arrest Actions are pending before the United States District Court in the Southern District of Texas, which is, respectfully, not bound by a standing order in another district. See *Helena Chemical Co. v. Manley*, 47 B.R. 72, 76 (Bankr. N.D. Miss. 1985)(general order of reference insufficient to refer a pending related matter action filed in district court to bankruptcy court even in the same district).

34. Second, the Amended Standing Order of Reference in this District ("**Order M-431**"),[2] does not require that the Texas Arrest Actions or the Interpleader Action be referred to this Court.

35. With respect to the Texas Arrest Actions, the standing order of reference in the Southern District of Texas makes this rule explicit, by excluding existing adversary proceedings in a U.S. District Court from inclusion in the matters referred to the bankruptcy court. General Order 2012-6 at ¶1.A (US District Court, SDTX, May 24, 2012), attached as Exhibit (4) to the attached Exhibit NS-1. This make sense, as standing reference orders were not meant to disrupt the status quo (with respect to pending litigation) and transfer (without motion or proof) existing proceedings to a venue selected by a bankruptcy debtor. Order M-431 does not require Judge Caproni to automatically transfer long-tenured proceedings like the Interpleader Action to this Court should it grant OW Germany's petition.

36. With respect to the Interpleader Action to which NuStar Terminals is a party, the Amended Standing Order of Reference in this District (Order M-431) does not apply to such existing proceedings, especially long-tenured proceedings like the Interpleader Action and

---

[2] Amended Standing Order of Reference, Case No. 12 MISC 00032 (2-1-2012) a copy of which is attached as Exhibit (3) to the attached Exhibit NS-1.

related actions before Judge Caproni. Generally standing orders of reference are not meant to yank *existing* proceedings away from the judges hearing them.

37. Third, the language from the Petition for Recognition quoted above is merely a suggestion of a tactic that the Debtor (or the Administrator) intends to take *at some future time*. No relief other than standard recognition of the foreign proceeding is requested in the Petition for Recognition, and NuStar Services and NuStar Terminals object to any the granting of any relief not specifically prayed for.

38. Fourth, with respect to the Arrest Actions pending in Texas, Debtor's efforts to remove or transfer those actions are simply unnecessary. On July 9, 2015, OW Germany filed motions to transfer the Arrest Actions from the Southern District of Texas to the Southern District of New York (NuStar Services opposed both motion). To date, the venue transfer motions have not been ruled on. It would appear that OW Germany's chapter 15 filing is based in whole or in part on its desire to obtain relief it has been unable to through its venue transfer motions in Texas.

39. Fifth, the Court should deny the OW Germany debtor's (or the Administrator's) attempt to accomplish through the Order M-431 an impermissible removal of federal litigation to bankruptcy court. Removal of litigation to bankruptcy court only applies to state court litigation. 28 U.S.C. § 1452; *In re Watson-Mahaney, Inc*., 70 B.R. 578, 581 (Bankr. N.D. Ill. 1987); *see* Standing Order of Reference for the SDTX. General Order 2012-6 (In re Order or Reference to Bankruptcy Judge)(US District Court, SDTX, May 24, 2012), which is attached as Exhibit (4) to the attached Exhibit NS-1.

40. Sixth, NuStar Services and NuStar Terminals incorporate by reference the arguments in the attached Exhibit NS-1 Motion for Status Conference.

**V.**

**CONCLUSION**

WHEREFORE, NuStar Services and NuStar Terminals hereby respectfully request that this Court deny the Petition for Recognition, and grant such other and further relief to which NuStar Services and NuStar Terminals are entitled, either at law or in equity.

Dated: December 1, 2015               Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:  /s/ David A. Rosenzweig
     David A. Rosenzweig

666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile:  (212) 318-3400
david.rosenzweig@nortonrosefulbright.com

Michael M. Parker, TX Bar No. 00788163
300 Convent Street, Suite 2100
San Antonio, Texas  78205-3792
Telephone:  (210) 224-5575
Facsimile:   (210) 270-7205
michael.parker@nortonrosefulbright.com

*COUNSEL TO NUSTAR ENERGY SERVICES, INC. AND NUSTAR TERMINALS MARINE SERVICES N.V.*

# CERTIFICATE OF SERVICE

       I hereby certify that on the 1st day of December, 2015, a copy of the foregoing Response to Verified Petition for Recognition of German Administration Proceeding and Related Relief has been served upon the following as indicated below.

Timothy W. Walsh
Darren T. Azman
McDermott Will & Emery
340 Madison Avenue
New York, NY  10173
[By US Mail and E-Mail]

Thomas Belknap, Jr.
Blank Rome LLP
405 Lexington Avenue
New York, NY  10174
[By US Mail]

Bruce Paulsen
Brian Maloney
Celinda Metro
Seward & Kissel LLP
One Battery Park Plaza
New York, NY  10004
[By US Mail]

Stephen Simms
Simms Showers LLP
201 International Circle, Suite 250
Hunt Valley, MD  21030
[By US Mail]

Liz Downing
Skadden Arps Slate Meagher & Flom LLP
500 Boylston Street
Boston, MA  02116
[By US Mail]

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 10005
New York, NY  10014
[By US Mail]

Michael Fernandez
Gina Venezia
Peter Gutowski
Freehill Hogan & Mahar LLP
80 Pine Street
New York, NY  10005
[By US Mail]

Davis Wright
Montgomery McCracken Walker & Rhoads LLP
1105 North Market Street
Wilmington, DE  19801
[By US Mail]

James Power
Marie Larsen
Holland & Knight LLP
31 West 52nd Street
New York, NY  10019
[By US Mail]

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA  19101
[By US Mail]

Keith Letourneau
Blank Rome LLP
717 Texas Ave., Suite 1400
Houston, TX  77002
[By US Mail]

John Unger
Royston Rayzor Vickery & Williams LLP
1600 Smith Street, Ste 5000
Houston, TX  77002-7380
[By US Mail]

Kaspar Kielland
Robert O'Connor
Vincent DeOrchis
Montgomery McCracken Walker & Rhoads LLP
437 Madison Ave, 29th Floor
New York, NY  10022
[By US Mail]

John Keough
Casey Burlage
Corey Greenwald
Clyde & Co US LLP
405 Lexington Avenue
New York, NY  10174
[By US Mail]

          ___/s/ David A. Rosenzweig_____
            David A. Rosenzweig